UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:08-cv-270-WTL-TAB |
| | ) |
| KRIS OCKOMON et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ENTRY ON MOTION TO ALTER OR AMEND JUDGMENT

This cause is before the Court on the Plaintiff's Motion for Reconsideration (Docket No. 50). The motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. Int'l Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). As the Court of Appeals has explained, there are only three valid grounds for a Rule 59(e) motion: (1) newly discovered evidence; (2) an intervening change in the law; and (3) manifest error in law. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "[M]otions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Obriecht v. Raesmich*, 517 F.3d 489, 494 (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)); *see also United States v. Resnick*, 594 F.3d 592, 569 (7th Cir. 2010).

On December 11, 2009, the Court ruled on the parties' cross-motions for summary judgment. In its Order, the Court granted the Defendants' motion as to the federal claims, relinquished jurisdiction over the pendant state law claims, and denied the Plaintiff's cross-motion for summary judgment. The Plaintiff, Larry Davis, properly filed this Motion to Alter or Amend Judgment in January 2010.

The Plaintiff makes two arguments in favor of amending. The gist of the Plaintiff's first argument is that the Court committed a manifest error of law or fact when it relied on *Riley v. Blagojevich*, 425 F.3d 357 (7th Cir. 2005), and held that the Plaintiff's job description was reliable, and that the Plaintiff's position was not protected by the First Amendment. The Plaintiff claims that the Court should have relied, instead, on *Nekokny v. Painter*, 653 F.2d 1164 (7th Cir. 1981). While the *Nekokny* court did conclude that in some cases the determination of status as a policymaker is a question of fact for the jury, the Plaintiff pushes this argument too far. Based on the Court's review of Seventh Circuit case law, there are *some* cases in which the court has found a question of fact regarding whether a position is a policymaking one. However, the Seventh Circuit has never held that whether an individual is a policymaker is *always* a question of fact that cannot be decided on summary judgment.

Indeed, in *Riley*, the Seventh Circuit tacitly approved the use of summary judgment to resolve first amendment proceedings. This Court's reasoning and analysis in the instant case precisely tracked the analysis used in *Riley*. To the extent that panels of the Seventh Circuit have disagreed on the policymaker issue, this Court chose to align itself with *Riley* and the overwhelming weight of the authority. Thus, the Plaintiff's argument that this case should not have been decided at the summary judgment stage is not persuasive. The Court also notes that

2

the Plaintiff argued extensively that summary judgment in *his* favor *was* appropriate.  It is simply inconsistent for the Plaintiff to claim, now that the Court has ruled against his position, that summary judgment was inappropriate in this case. Yet, even disregarding this inconsistency, the Plaintiff has not shown that the Court made a manifest error of law or fact in its previous entry.

The Plaintiff's second argument in favor of reconsideration asserts that the Defendants should not have been allowed to rely on the job description "because the Defendants did not demonstrate that they actually relied on it."  Docket No. 51 at 7.  The Plaintiff claims that "[t]o avail themselves of the 'safe harbor,' the Defendants should be required to prove that they actually reviewed and relied upon the job description in making the decision to terminate Davis." *Id*.  This argument essentially boils down to yet another claim that the Court misapplied the summary judgment standard by failing to accept and believe all his admissible evidence.  The Court reiterates that it *did* indeed consider and believe all of the Plaintiff's evidence and it drew all reasonable inferences in his favor.  Like the Plaintiff's first argument, this second assertion does not convince the Court that it committed a manifest error of law or fact.  The Court did not misapprehend the petitioner's claim, nor did it misapply the applicable law of the Seventh Circuit to that claim.  Accordingly, the Plaintiff's Motion for Reconsideration (Docket No. 50) is **DENIED**.

SO ORDERED: 06/01/2010

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

3

Samuel Mark Adams
Micheal K. Sutherlin and Associates, PC
msutherlin@gmail.com

William R. Groth
Fillenwarth Dennerline Groth & Towe LLP
wgroth@fdgtlaborlaw.com

Michael K. Sutherlin
Michael K. Sutherlin & Associates, PC
msutherlin@gmail.com